IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY T. FISHER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) )  Case No. 16-CV-116-GKF-TLW |
| STATE OF OKLAHOMA, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

On February 26, 2016, Petitioner, a state inmate appearing pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), a motion to proceed in forma pauperis (Dkt. # 2), and an application for a certificate of appealability (Dkt. # 3). Petitioner also sent a letter (Dkt. # 4) stating that he has filed the same information at the Tenth Circuit Court of Appeals. On March 14, 2016, after being denied leave to proceed in forma pauperis, see Dkt. # 5, Petitioner paid the $5.00 filing fee, see Dkt. # 6. For the reasons discussed below, the Court finds that this petition shall be dismissed without prejudice for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

In his petition (Dkt. # 1), Petitioner challenges the constitutionality of his conviction and sentence entered in Tulsa County District Court, Case No. CRF-86-4138, Count II. Petitioner identifies three (3) grounds for relief. In Ground 1, he alleges that his arrest and detainment on November 8, 1986, were illegal. Id. at 5. In Ground 2, Petitioner claims he has acquired "newly discovered evidence" in the form of a signed confession by Marvin Lindsey. Id. at 7. In Ground 3, Petitioner asserts his "actual innocence." Id. at 8.

Petitioner has filed two prior habeas corpus actions in this Court, N.D. Okla. Case Nos. 91-C-986-B and 12-CV-438-GKF-TLW, challenging the conviction entered in CRF-86-4138. In N.D.

Okla. Case No. 91-C-986-B, the Court substantively addressed federal grounds for setting aside Petitioner's state conviction and denied the requested relief. Petitioner appealed to the Tenth Circuit Court of Appeals. On September 29, 1992, the appellate court affirmed the denial of Petitioner's habeas corpus petition. See Fisher v. Cowley, 1992 WL 252418 (10th Cir. Sept. 29, 1992) (unpublished) (attaching N.D. Okla. Order referencing Tulsa County District Court, Case No. CRF-86-4138). In N.D. Okla. Case No. 12-CV-438-GKF-TLW, the Court found that the petition was a second or successive habeas corpus petition filed without prior authorization from the Tenth Circuit Court of Appeals. For that reason, the petition was dismissed without prejudice for lack of jurisdiction.

Because the Court has previously determined, in N.D. Okla. Case No. 91-C-986-B, the legality of Petitioner's detention as to his convictions entered in Tulsa County District Court, Case No. CRF-86-4138, the petition filed in this case is a successive habeas petition as to those convictions and he was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Nothing suggests that Petitioner received authorization from the Tenth Circuit before filing his petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). In this case, the Court finds it is not in the interest of justice to transfer the petition to the Tenth Circuit. Petitioner states in his letter (Dkt. # 4) that he "mailed a true and correct copy of all the contained documents . . . to the Tenth Circuit in Denver." Thus, it appears

Petitioner is in the process of seeking authorization from the Tenth Circuit and simply filed his petition in this Court prematurely. Therefore, Petitioner's claims challenging his conviction entered in Tulsa County District Court, Case No. CRF-86-4138, Count II, shall be dismissed without prejudice for lack of jurisdiction. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Petitioner's application for a certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as a successive habeas petition filed without prior authorization from the Tenth Circuit Court of Appeals. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition.

2. Petitioner's application for a certificate of appealability (Dkt. # 3) is **denied**.

3. A separate judgment shall be entered in this matter.

**DATED** this 16th day of March, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT