IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RODNEY T. FISHER,                )
                                 )
        Petitioner,              )
                                 )
vs.                              )   Case No. 16-CV-116-GKF-TLW
                                 )
STATE OF OKLAHOMA,               )
                                 )
        Respondent.              )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing pro se. Before the Court is Petitioner's "Rule 60(b); 59(b) motion" (Dkt. # 9), with an attached brief in support. Petitioner also filed a "Forma Pauperis Affidavit" (Dkt. # 10).[1] For the reasons discussed below, Petitioner's motion for relief from judgment shall be dismissed without prejudice for lack of jurisdiction.

The record reflects that, by Opinion and Order filed March 16, 2016 (Dkt. # 7), the Court dismissed Petitioner's petition for writ of habeas corpus for lack of jurisdiction as a second or successive petition filed without the required authorization from the Tenth Circuit Court of Appeals.[2]

---

[1] Petitioner is advised that there is no filing fee for a motion for relief from judgment.

[2] Petitioner's history of habeas litigation demonstrates that, in N.D. Okla. Case No. 91-C-986-B, the Court substantively addressed federal grounds for setting aside Petitioner's state conviction entered in Tulsa County District Court, Case No. CRF-86-4138, and denied the requested relief. Petitioner appealed to the Tenth Circuit Court of Appeals. On September 29, 1992, the appellate court affirmed the denial of Petitioner's habeas corpus petition. See Fisher v. Cowley, 1992 WL 252418 (10th Cir. Sept. 29, 1992) (unpublished) (attaching N.D. Okla. Order referencing Tulsa County District Court, Case No. CRF-86-4138). Thereafter, Petitioner filed a second habeas petition in N.D. Okla. Case No. 12-CV-438-GKF-TLW. That petition was dismissed without prejudice as a second or successive habeas corpus petition filed without prior authorization from the Tenth Circuit Court of Appeals.

Judgment was entered on March 16, 2016 (Dkt. # 8). On October 28, 2016, more than seven months after dismissal of the petition, Petitioner filed the instant motion for relief from judgment (Dkt. # 9). In his motion, Petitioner argues that he has diligently sought to develop evidence supporting his claim of actual innocence. Id.

To the extent Petitioner seeks relief under Rule 59(b), his motion is untimely. See Fed. R. Civ. P. 59(b) (requiring that a motion for a new trial must be filed no later than 28 days after the entry of judgment). While Petitioner's request for relief under Rule 60(b) is not untimely, his request is a substantive challenge to the validity of his Judgment and Sentence entered in Tulsa County District Court, Case No. CRF-86-4138. As a result, the instant Rule 60(b) motion qualifies as a successive petition for writ of habeas corpus. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"); In re: Pickard, 681 F.3d 1201, 1204-05 (10th Cir. 2012) (explaining that "a Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding"); Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006).

Nothing suggests that Petitioner has received authorization from the Tenth Circuit Court of Appeals to file a successive petition in this Court. Petitioner attaches to his motion an Order, entered by the Tenth Circuit on May 4, 2016, discussing Petitioner's evidence of actual innocence. See Dkt. # 9 at 41-43. The Tenth Circuit found that the affidavits provided by Petitioner show that he was well acquainted with the information set forth in the affidavits at the time of robbery for which he was convicted. Id. at 43. Therefore, the Tenth Circuit denied authorization, ruling that because Petitioner failed to show why he could not have discovered the proffered evidence earlier, he could not meet the gatekeeping requirement of 28 U.S.C. § 2244(b)(2).

Based on the Tenth Circuit's recent ruling denying authorization, it does not appear that Petitioner would be able to satisfy the requirements for authorization set forth in § 2244(b)(2). Therefore, the Court finds it is not in the interest of justice to transfer the Rule 60(b) motion for authorization. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Because Petitioner's Rule 60(b) motion is a successive petition filed without prior authorization from the Tenth Circuit, the motion shall be dismissed without prejudice for lack of jurisdiction. Id. at 1252; 28 U.S.C. § 2244(b).

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of Petitioner's Rule 60(b) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth

Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. Petitioner's "Rule 60(b); 59(b) motion" (Dkt. # 9) is **dismissed without prejudice** for lack of jurisdiction as a successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals.

2. A certificate of appealability is **denied**.

**DATED** this 1st day of November, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT